UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**BILLY JAMES VICKNAIR**  **CIVIL ACTION NO. 25-1198**

**SECTION P**

**VS.**

**JUDGE TERRY A. DOUGHTY**

**CYRUS FAMILY, ET AL.**  **MAG. JUDGE KAYLA D. MCCLUSKY**

### REPORT AND RECOMMENDATION

Plaintiff Billy James Vicknair, who proceeds pro se and in forma pauperis, filed the instant proceeding on approximately August 18, 2025, under 42 U.S.C. § 1983. He names the following defendants: The Cyrus Family, Billy-Pitiful Sitcom, the inventor of Mag Helmate, and the C.F.O. of Apple, Inc.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff claims that Apple, Inc., has been using "Mag's" and his "holographic D.N.A. to stream a holographic sitcom previously known as 'Billy-Pitiful.'" [doc. # 1, p. 3]. He alleges that his "holographic D.N.A., which has [his] name, D.N.A., characteristic traits, and memories, is the star of the show, [which] has won numerous Oscar and Grammy awards." *Id.* He has allegedly been deprived of the revenue he earned through his holographic D.N.A. *Id.* He suggests that by using his D.N.A., he has been "forced into slavery . . . ." *Id.* He adds that other parties involved include Miley Cyrus, Miley Cyrus's son's father, D.J.W., Billy Ray Cyrus, "the rest of the Cyrus family, and Bill Gates." *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

For relief, Plaintiff seeks "the full portion of the revenue and awards [he has] earned by [his] holographic D.N.A. on [his] program (Billy-Pitiful) as well as full copyrights to [his] program." [doc. # 1, p. 4].

## Law and Analysis

**1. Preliminary Screening**

Because Plaintiff is proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.

*Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638

(5th Cir. 2013) (internal quotation marks omitted).  Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Fanciful Claims**

As above, Plaintiff primarily claims that defendants used his "holographic D.N.A. to stream a holographic sitcom previously known as 'Billy-Pitiful.'"  Plaintiff's claims, however, are fantastical and factually frivolous.

A "court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional[.]  As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

In *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019), the plaintiff alleged that he was entitled to a "declaration of rights guaranteed . . . by the 1795 Spanish Treaty with the Catholic Majesty of Spain and the 1800 French Treaty with the former Christian Majesty of France[,]" and that the United States and Louisiana were trying to "monopolize intergalactic foreign trade."  The court opined: "We will not try to decipher what any of this means. '[T]o do so might suggest that these arguments have some colorable merit.'" *Id.* (quoting *Crain v. Comm'r*, 737 F.2d 1417, 1417 (5th Cir. 1984) (per curiam)).  In *Crain*, 737 F.2d at 1417, where the plaintiff alleged that he was not subject to "taxation, nor regulation of the state" and that the Internal Revenue Service lacked authority over him, the Court opined, "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."

4

Here, Plaintiff's allegations speak for themselves. They are fanciful, fantastical, wholly incredible, and obviously devoid of merit. The claims are patently frivolous, lacking an arguable basis either in law or in fact. Accordingly, the Court should dismiss them.[2]

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Billy James Vicknair's claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the**

---

[2] *See, e.g., MacTruong v. Abbott*, 2023 WL 4884842, at *1 (5th Cir. Aug. 1, 2023), aff'd, 144 S. Ct. 544 (2024) (opining, where a plaintiff alleged that defendants drafted a law using his copyrighted material, that the claims were fantastical and completely lacking merit); *Kimberly v. Kardashian*, 2012 WL 3257857, at *2 (W.D. La. July 9, 2012), *report and recommendation adopted,* 2012 WL 3257893 (W.D. La. Aug. 8, 2012) ("This complaint warrants swift dismissal to avoid any further waste of the court's time processing filings in this case, which have a tendency to multiply quickly in cases of this nature. Plaintiff's allegations are either delusional or a poor attempt at entertaining himself by filing a frivolous lawsuit. The allegations are similar to those often seen in cases filed by mentally ill plaintiffs who believe that entertainers and other celebrities are interacting with them or talking to or about them in popular songs, movies, or television shows. The court is not aware of a single such claim that has ever been other than delusional or frivolous.").

**legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

***Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 28th day of October, 2025.

_____
Kayla Dye McClusky
United States Magistrate Judge